IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:21-cv-00037

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DBBH HOLDINGS, INC. D/B/A DAVID'S TRASH SERVICE,<br><br>Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Danielle Spruill ("Spruill"), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant DBBH Holdings, Inc. d/b/a David's Trash Service ("Defendant") discharged Ms. Spruill in retaliation for engaging in activity protected in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

1

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Washington, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Ms. Spruill filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Ms. Spruill's charge and participated in all aspects of the Commission's administrative investigation.

7. On July 11, 2019, the Commission issued to Defendant a Determination finding reasonable cause to believe that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. Defendant voluntarily declined to participate in the Commission's conciliation efforts.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 27, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13. As described more fully below, on or around February 9, 2018, Defendant engaged in unlawful employment practices at its Washington, North Carolina facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Specifically, Defendant discriminated against Ms. Spruill by retaliating against Ms. Spruill for opposing practices she reasonably believed violated Title VII, and for expressing an intent to participate in proceedings under Title VII.

14. Defendant hired Ms. Spruill, a woman, as a driver on or around May 28, 2016. For the majority of Ms. Spruill's tenure and through her termination on or around February 9, 2018, Ms. Spruill worked as a residential route driver.

15. Throughout Ms. Spruill's employment she was aware of offensive comments about her sex and sexual orientation by Defendant's Shop Manager. The Shop Manager exhibited outward hostility toward Ms. Spruill, which created ongoing interpersonal conflict.

16. Outside of Ms. Spruill's hearing, the Shop Manager frequently called Ms. Spruill "dyke", "lesbo", and "bitch" to coworkers, who in turn reported the comments to Ms. Spruill.

17. The Shop Manager directly called Ms. Spruill "bitch" on at least one occasion.

18. On a separate occasion, the Shop Manager showed Ms. Spruill a large dildo (approximately 12 inches long and very thick) that had been affixed to a door via a suction cup and told Ms. Spruill that was what she needed so she would not be such a "bitch."

19. Ms. Spruill repeatedly complained about the Shop Manager's conduct to Defendant's General Manager and Defendant's Office Manager; however, neither manager took any corrective action and the sex- and sexual orientation-based harassment continued.

20. On or around Friday, January 12, 2018, Ms. Spruill entered her assigned work truck and discovered that several personal items she had left in the truck were missing. Ms. Spruill subsequently learned the Shop Manager had driven Ms. Spruill's assigned truck the previous day and had thrown away Ms. Spruill's personal possessions.

21. On or around Monday, January 15, 2018, Ms. Spruill met with Defendant's President and Defendant's General Manager to discuss the Shop Manager throwing away Ms. Spruill's personal possessions. Ms. Spruill complained to Defendant's President that the Shop Manager threw away Ms. Spruill's possessions out of malice because the Shop Manager was always calling Spruill "dyke", "lesbo", and "bitch".

22. Later the same day, Ms. Spruill told Defendant's President that the Shop Manager had been harassing Ms. Spruill and creating a hostile work environment. Ms. Spruill asked Defendant's President if he was aware of the EEOC and Title VII and the laws against harassment. Defendant's President told Ms. Spruill that he knew employment law and that Ms. Spruill was only entitled to protection if Defendant's President, as the company's owner, was harassing Ms. Spruill.

23. Ms. Spruill's complaints regarding sex harassment and a sex-based hostile work environment are activity protected under Title VII.

24. Ms. Spruill's statements to Defendant's President invoking the EEOC, Title VII, and laws against harassment are activity protected under Title VII.

25. On or around February 9, 2018, Defendant's President discharged Ms. Spruill from employment.

26. Defendant's President stated he was discharging Ms. Spruill from employment because Ms. Spruill had threatened Defendant with the EEOC.

27. Defendant provided additional reasons for discharging Ms. Spruill from employment. The additional reasons provided by Defendant are pretextual, and when viewed in the light of Defendant's business practices would not have resulted in Ms. Spruill's discharge from employment.

28. Defendant discharged Ms. Spruill from employment in retaliation for engaging in protected activity, in violation of Title VII.

29. Defendant would not have discharged Ms. Spruill from employment if not for Ms. Spruill engaging in protected activity on January 15, 2018.

30. The effect of the practices complained of above has been to deprive Ms. Spruill of equal employment opportunities and otherwise adversely affect her status as an employee because Ms. Spruill engaged in protected activity.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Spruill.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against

5

employees because they have opposed unlawful employment practices or otherwise engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Ms. Spruill whole by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Ms. Spruill whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

E. Order Defendant to make Ms. Spruill whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Ms. Spruill punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

Dated this the 31st day of March, 2021.

                Respectfully submitted:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

GWENDOLYN YOUNG REAMS
Acting General Counsel
131 M Street, NE
Washington, DC 20507

MELINDA C. DUGAS
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

**/s/ Yolanda Warren Brock**
YOLANDA WARREN BROCK

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Senior Trial Attorney
Telephone: (980) 296-1281
Facsimile: (704) 954-6412
Email:yolanda.brock@eeoc.gov
North Carolina Bar No. 36651

**/s/ Rachael S. Steenbergh-Tideswell**
RACHAEL S. STEENBERGH-TIDESWELL

Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1274
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov
South Carolina Federal Bar No. 10867

**ATTORNEYS FOR PLAINTIFF**

7

Case 4:21-cv-00037-D   Document 1   Filed 03/31/21   Page 7 of 7