IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:21-cv-00037

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DBBH HOLDINGS, INC. D/B/A DAVID'S TRASH SERVICE,<br><br>    Defendant. | **STIPULATED PROTECTIVE ORDER CONCERNING NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION PURSUANT TO FED. R. EVID. 502(d) AND (e)** |

The parties move the Court for entry of a Stipulated Protective Order Concerning Non-Waiver of Attorney-Client Privilege and Work Product Protection pursuant to Fed. R. Evid. 502(d) and (e).

**THIS MATTER** having been opened to the Court by Plaintiff Equal Employment Opportunity Commission and Defendant DBBH Holding, Inc. d/b/a David's Trash Service by and through its attorneys, seeking the entry of a Stipulated Protective Order pursuant to Fed. R. Evid. ("F.R.E.") 502(d) and (e), which shall supplement the Joint Consent Protective Order filed with the Court on August 19, 2021 (see Docket Entry No. 15), and the parties having agreed to invoke F.R.E. 502(d) and (e); and good cause having been shown;

**IT IS** on this ___ day of _____ 2021:

**ORDERED** that:

    1. **Non-Waiver Pursuant to F.R.E. 502(d) and (e).** Pursuant to F.R.E. 502(d) and (e), no party to this litigation shall be deemed to have waived either the attorney-client privilege or the work product protection as a result of any disclosure connected with this proceeding, or any other federal or state proceeding, irrespective of the degree of care taken

1

by the Producing Party (as defined in paragraph (2), infra) in (i) preventing disclosure, it being expressly recognized that the Producing Party is not obligated to engage in any pre-production review to identify information protected by the attorney-client privilege and/or the work product protection, though it may elect do so; or (ii) rectifying disclosure, except that the Producing Party must comply with paragraph (2), infra, in seeking to claw-back any information protected by the attorney-client privilege and/or work product protection. Accordingly, the provisions of F.R.E. 502(b) shall not apply. This Stipulated Protective Order shall also apply to third-parties producing information in this proceeding.

2. **Claw-Back of Protected Information.** A party producing information in response to any request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P."), or any third-party producing information in response to a subpoena pursuant to F.R.C.P. 45 (each a "Producing Party"), shall have no obligation to engage in a post-production review to determine whether it has produced information protected from disclosure by either the attorney-client privilege and/or the work product protection (collectively, "Protected Information"). If a party discovers through any means that a Producing Party has produced Protected Information, then:

    (a)    where the Producing Party first discovers that it has produced Protected Information, the Producing Party shall promptly provide written notice to the party receiving information in response to any request for production pursuant to F.R.C.P. 34 or F.R.C.P. 45 (the "Receiving Party"), which notice shall include a statement of the basis for the Producing Party's contention that the information is privileged or protected; and

(b) where the Receiving Party first discovers information that, in good faith, the Receiving Party believes the Producing Party may deem to be Protected Information, the Receiving Party shall promptly provide written notice to the Producing Party advising that the Producing Party may have produced Protected Information, which notice must expressly state that it is being given pursuant to this Stipulated Protective Order to be valid; and within thirty (30) days thereafter, the Producing Party shall provide written notice to the Receiving Party consistent in substance with the requirements of subparagraph (a), immediately above.

Upon receiving written notice from the Producing Party pursuant to either subparagraph 2(a) or 2(b), supra, the Receiving Party shall promptly return or destroy the subject Protected Information and any copies that it has except and only insofar as may be necessary to enable the Receiving Party to present an application to the Court pursuant to paragraph (3), infra. If the Receiving Party disclosed the subject Protected Information to any third-party before receiving written notice from the Producing Party pursuant to either subparagraph 2(a) or 2(b), supra, the Receiving Party must (i) take reasonable steps to retrieve any such Protected Information and (ii) immediately advise the Producing Party of any instances in which the Receiving Party is unable to retrieve such Protected Information so that the Producing Party may take whatever steps it deems necessary to protect and/or retrieve its Protected Information.

3. **Contesting the Protected Status of Protected Information.** Within thirty (30) days of receiving written notice from the Producing Party pursuant to either subparagraph 2(a) or 2(b), supra, the Receiving Party may make an application to the Court, under seal,

for a ruling concerning whether the subject Protected Information is protected from disclosure by the attorney-client privilege and/or the work product protection. Consistent with paragraph (1), supra, because the provisions of F.R.E. 502(b) shall not apply, any application contesting whether such Protected Information is protected from disclosure by the attorney-client privilege and/or the work product protection shall not be based on either (i) whether the disclosure of such information was inadvertent or (ii) the degree of care taken by the Producing Party to protect against or rectify the disclosure of such information. The Receiving Party shall not otherwise use or disclose any such Protected Information (e.g., in applications to the Court or depositions) unless and until the Producing Party agrees or it is adjudged that such Protected Information is not protected by the attorney-client privilege and/or the work product protection. If the Court rules that the subject Protected Information is protected from disclosure, the Receiving Party shall promptly return or destroy all copies of the Protected Information. Absent a timely application by the Receiving Party contesting whether Protected Information is privileged and/or protected, the Protected Information shall be treated as privileged and/or protected, as the case may be, as if it had never been produced. The Producing Party must preserve the Protected Information until all disputes regarding the discoverability of the information have been resolved.

**IT IS FURTHER ORDERED** that all other terms of the Joint Consent Protective Order filed in this action on August 19, 2021 (see Docket Entry No. 15) shall remain in full force and effect.

Dated: August 23, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge

Dated this the 19th day of August, 20201.

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br> **Plaintiff** | **DBBH HOLDINGS, INC. D/B/A DAVID'S TRASH SERVICE,** <br> **Defendant** |
| **/s/ Yolanda Warren Brock** <br> YOLANDA WARREN BROCK <br> Senior Trial Attorney <br> Charlotte District Office <br> 129 West Trade Street, Suite 400 <br> Charlotte, North Carolina 28202 <br> Telephone: (980) 296-1281 <br> Facsimile: (704) 954-6412 <br> Email: yolanda.brock@eeoc.gov <br> North Carolina Bar No. 36651 <br><br> RACHAEL S. STEENBERGH-TIDESWELL <br> Senior Trial Attorney <br> Charlotte District Office <br> 129 West Trade Street, Suite 400 <br> Charlotte, North Carolina 28202 <br> Telephone: (980) 296-1274 <br> Facsimile: (704) 954-6412 <br> Email: rachael.steenbergh@eeoc.gov <br> South Carolina Federal Bar No. 10867 <br><br> **ATTORNEYS FOR PLAINTIFF** | **/s/ Tracy H. Stroud** <br> TRACY H. STROUD <br> Colombo Kitchin Attorneys <br> 1698 East Arlington Blvd. <br> Greenville, North Carolina 27858 <br> Telephone: (252) 353-1091 <br> Facsimile: (252) 353-1096 <br> E-mail: tstroud@ck-attorneys.com <br> North Carolina Bar No. 40111 <br><br> **ATTORNEY FOR DEFENDANT** |