IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:21-cv-00037-D

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DBBH HOLDINGS, INC. D/B/A DAVID'S TRASH SERVICE, | ) ) ) ) |
| Defendant. | ) |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that DBBH Holdings, Inc. d/b/a David's Trash Service ("Defendant") discriminated against Ms. Danielle Spruill ("Ms. Spruill") by discharging Ms. Spruill from employment in retaliation for engaging in activity protected under Title VII, in violation of Title VII.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent

1

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964. Defendant also shall not retaliate against any person because of an inquiry about filing, expression of intention to file, threat to file, or filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2. Defendant shall pay Ms. Spruill the sum of TWENTY THOUSAND DOLLARS ($20,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Ms. Danielle Spruill. A single payment of one thousand dollars ($1,000.00) shall be made directly to Ms. Spruill, at an address provided by the Commission, within fifteen (15) days of the entry of this Consent Decree. Payment of the remaining nineteen thousand ($19,000.00) shall be made by issuing one lump-sum payment directly to Ms. Spruill, at an address provided by the Commission, on or before January 31, 2022. Within ten (10) days after the payment has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Ms. Spruill. **Defendant shall notify the Commission immediately of any returned payments or other problems with delivery of the payments to Ms. Spruill by contacting counsel of record for the Commission.**

3. Within ten (10) days of the entry of this Consent Decree, Defendant shall eliminate from its personnel records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2018-01368 and the related events that occurred thereafter, including this litigation. Also, within ten (10) days of the

2

entry of this Consent Decree, Defendant shall identify all references in its personnel records which indicate that Mrs. Spruill's employment was involuntarily terminated and change them to reflect that she voluntarily resigned from employment with Defendant. Within fifteen (15) days of the entry of this Consent Decree, Defendant shall report compliance with this provision to the Commission.

4. Defendant shall provide Ms. Spruill with a neutral letter of reference indicating dates of employment and last pay rate using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree, the original, signed letter of reference shall be provided to Ms. Spruill at an address provided by the Commission. Ms. Spruill is free to disseminate the letter to potential employers. If Defendant receives any inquiry about Ms. Spruill from a potential employer, it shall provide only the information set forth in the neutral letter of reference in response.

5. Within ninety (90) days of the entry of this Consent Decree, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against retaliation; a definition of retaliation; a list of the type of activity that is protected against retaliation under Title VII that specifically includes the following examples: reporting discrimination and/or harassment, inquiring about filing, expressing an intent to file, threatening to file, or filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and serving as a witness in an EEOC charge related complaint, investigation or lawsuit; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination; a statement that no retaliation against the target of the

3

discrimination, individuals who provide information, or other individuals contacted in the course of an investigation (or otherwise involved in an investigation) will be tolerated and that any such retaliation will result in serious disciplinary action, up to and including discharge. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. Within ninety (90) days of the entry of this Consent Decree, Defendant shall post a copy of the newly implemented anti-discrimination policy in the Washington, North Carolina facility where it is visible to employees. The policy shall remain posted during the term of this Consent Decree. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within (100) days of the entry of this Consent Decree, Defendant shall report compliance with the terms of this paragraph.

7. Within ninety-five (95) days of the entry of this Consent Decree, Defendant shall prepare, sign, and distribute to employees a letter addressed to Defendant's employees that contains the following information: (a) Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to punish job applicants or employees for asserting their right to be free from employment discrimination and/or harassment; (b) employees who report discrimination and/or harassment will not be subject to retaliation; (c) employees who inquire about filing, express intention to file, threaten to file, or file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") will not be subject to retaliation; (d) employees who serve as a witness in an EEOC charge related complaint, investigation or lawsuit will not be subject to retaliation; (e) additional information about retaliation can be found at EEOC's website:

4

www.eeoc.gov/retaliation; and (f) retaliation will not be tolerated and any manager who takes retaliatory action against an employee because of any of the conduct specified in subparagraphs (a) through (d) will be subject to disciplinary action, up to, and including discharge. The letter shall be signed by President Daniel Bergevin. Defendant shall attach the newly implemented anti-discrimination policy to the above-described letter. Within (100) days of the entry of this Consent Decree, Defendant shall report compliance with the terms of this paragraph.

8. Defendant shall provide an annual training program to all of its owners, managers, supervisors and employees. Each training program shall include an explanation of: (a) the requirements of Title VII; (b) the prohibition under Title VII against retaliation in the workplace; (c) an explanation of Defendant's anti-discrimination policy implemented pursuant to this Consent Decree; (d) an explanation of the types of conduct that may constitute retaliation that specifically includes the following examples: reporting discrimination and/or harassment, inquiring about filing, expressing an intent to file, threatening to file, or filing a charge of discrimination with the EEOC, and serving as a witness in an EEOC charge related complaint, investigation or lawsuit; and (e) the penalties for engaging in retaliation.

The first training program shall be completed within one hundred (100) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Defendant shall require all employees who attend the training to print and sign their full name on

5

a roster. Defendant shall allow one or more representative(s) from the Commission to attend the training programs required by this paragraph at the sole discretion of the Commission. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days of the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to all employees at its Washington facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. the identity of each employee who at any time during the reporting period (1) complained either verbally or in writing or otherwise opposed conduct that the employee believed could violate Title VII, including conduct that an employee reasonably believes indicates that a hostile work environment is in progress; (2) filed an EEOC charge against Defendant; or (3) inquired about filing, expressed intention to file, or threatened to file an EEOC charge against Defendant, including by way of identification each person's name, address, telephone number, and job title;
>
> B. for each individual identified, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

> C. for each individual identified whose employment status has changed, provide a detailed statement explaining why the individual's employment status has changed.

If the Commission requests the social security number of any individual identified pursuant to this paragraph, Defendant shall provide the social security number within seventy-two (72) hours of the request.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may upon two (2) business days' notice to Tracy H. Stroud, attorney for DBBH Holdings, Inc. at tstroud@ck-attorneys.com, interview employees and examine and copy documents. As part of the review for compliance with the posting provision contained in paragraphs 6 and 9, EEOC may inspect Defendant's facility without advance notice to Defendant or its attorneys.

12. If anytime during the term of this Consent Decree the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law. However, the Commission shall retain the right to seek immediate intervention by the Court in situations where the Commission believes that there is an imminent threat to the health, safety or welfare of one or more of Defendant's employees.

7

13. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Tracy H. Stroud, attorney for DBBH Holdings, Inc. at tstroud@ck-attorneys.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

SO ORDERED. This 15 day of December, 2021.

_/s/ James C. Dever_
James C. Dever III
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **DBBH HOLDINGS, INC. D/B/A DAVID'S TRASH SERVICE, Defendant** |

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA DUGAS
Regional Attorney

YLDA KOPKA
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1262
Facsimile: (704) 954-6412
E-mail: ylda.kopka@eeoc.gov
Illinois Bar No. 6286627

**/s/ Yolanda W. Brock**
YOLANDA WARREN BROCK
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1281
Facsimile: (704) 954-6412
Email: yolanda.brock@eeoc.gov
North Carolina Bar No. 36651

**ATTORNEYS FOR PLAINTIFF**

**/s/ Tracy Stroud**
Tracy Stroud
Colombo Kitchin Attorneys
1698 East Arlington Blvd.
Greenville, North Carolina 27858
Telephone: (252) 353-1091
Facsimile: (252) 353-1096
E-mail: tstroud@ck-attorneys.com
North Carolina Bar No. 40111

**ATTORNEY FOR DEFENDANT**

9

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Danielle Spruill.

Ms. Spruill was employed by DBBH Holdings, Inc. d/b/a David's Trash Service from May 28, 2016 to February 9, 2018. Her ending salary was approximately $32,199, plus benefits.

We hope that this information about Ms. Spruill is helpful to you in considering her for employment.

Sincerely,


Daniel Bergevin
President
DBBH Holdings, Inc. d/b/a David's Trash Service

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> **Plaintiff,** <br><br> v. <br><br> DBBH HOLDINGS, INC. D/B/A DAVID'S TRASH SERVICE, <br> **Defendant.** | CIVIL ACTION NO. 4:21-cv-00037 <br><br> **EMPLOYEE NOTICE** |

     1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and DBBH Holdings, Inc. d/b/a David's Trash Service in a case of discrimination based on retaliation. Specifically, the EEOC alleged DBBH Holdings, Inc. d/b/a David's Trash Service discriminated against Danielle Spruill by discharging her in retaliation for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

     2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

     3.    DBBH Holdings, Inc. d/b/a David's Trash Service will comply with such federal law in all respects. Furthermore, DBBH Holdings, Inc. d/b/a David's Trash Service will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

11

TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2024.